**FILED**
CLERK, U.S. DISTRICT COURT

5/27/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: ___E.C.___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2026 Grand Jury

| UNITED STATES OF AMERICA, | ED CR No. 5:26-CR-00097-PA |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| JOSHUA RICHARD ARIAS, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 841(a)(1), (b)(1)(A)(viii)]

On or about October 2, 2025, in Riverside County, within the Central District of California, defendant JOSHUA RICHARD ARIAS knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 171.6 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about October 2, 2025, in Riverside County, within the Central District of California, defendant JOSHUA RICHARD ARIAS knowingly possessed a Beretta USA Corporation model BU Pico .380 caliber pistol, bearing serial number PC021972, in furtherance of a drug trafficking crime, namely, Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment.

2

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about October 2, 2025, in Riverside County, within the Central District of California, defendant JOSHUA RICHARD ARIAS knowingly possessed the following firearm and ammunition, each in and affecting interstate and foreign commerce:

1.    a Beretta USA Corporation model BU Pico .380 caliber pistol, bearing serial number PC021972;

2.    three rounds of Poongsan Metal Manufacturing Company .380 auto caliber ammunition; and

3.    two rounds of Sellier & Bellot .380 caliber ammunition.

Defendant ARIAS possessed this firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Possession of Methamphetamine for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Riverside, case number RIF1700413, on or about February 24, 2017;

2.    Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Riverside, case number RIF1700413, on or about February 24, 2017; and

3.    Vehicle Theft, in violation of California Vehicle Code Section 10851, in the Superior Court of the State of California, County of San Diego, case number SCS291045, on or about August 14, 2017.

3

COUNT FOUR

[21 U.S.C. § 841(a)(1), (b)(1)(A)(viii)]

On or about February 23, 2026, in Riverside County, within the Central District of California, defendant JOSHUA RICHARD ARIAS knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 553.7 grams, of methamphetamine, a Schedule II controlled substance.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of defendant JOSHUA RICHARD ARIAS's conviction of the offenses set forth in any of Counts One or Four of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located

5

upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant JOSHUA RICHARD ARIAS's conviction of the offenses set forth in any of Counts Two or Three of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof:
(a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has

//

//

//

7

been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL

                                        /S/
                                        _____
                                        Foreperson

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

*Jennifer Waier*

JENNIFER L. WAIER
Chief Assistant United States
Attorney & Chief, Criminal Division

KEVIN J. BUTLER
Assistant United States Attorney
Chief, Major Crimes Section

STEPHEN T. MERRILL
Special Assistant United States Attorney
Major Crimes Section